SO ORDERED: October 10, 2008.

_____
Anthony J. Metz III
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CHAMP CAR WORLD SERIES, LLC ) | CASE NO. 08-2172-AJM-7A |
| ) | |
| ) | |
| Debtor ) | |

**ORDER OVERRULING CREDITORS' OBJECTION AND
GRANTING TRUSTEE'S APPLICATION TO EMPLOY SPECIAL COUNSEL**

The Debtor filed a chapter 11 case on March 5, 2008 (the "Petition Date") which was converted to a chapter 7 case on June 23, 2008. Deborah Caruso (the "Trustee") has been appointed the chapter 7 trustee and the Court has authorized her to employ Rubin and Levin as her general counsel. The Trustee has also filed an application to employ the law firm of Hopper Blackwell, P.C. ("HB") as special counsel for the specific purpose of investigating and prosecuting potential estate claims against insiders of the Debtor (the "Trustee's Application"). Aquarium Holdings, LLC, Forsythe Championship

1

Racing, Ltd, LLC, Grand Prix Association of Toronto Corp. and PKV Racing (the "Objecting Creditors") have objected to the Trustee's Application. Hearing on the matter was held on September 18, 2008 at the conclusion of which the Court took the matter under advisement. Pursuant to the Court's directive, the Objecting Creditors filed their brief on September 25, 2008 and the Trustee filed her brief on October 2, 2008. For the reasons stated below, the Court now overrules the Objecting Creditors' objection and grants the Trustee's Application.

### *Background*

The Debtor operated an open wheel racing circuit. Prior to the Petition Date, Sino Sports & Entertainment, Inc. ("Sino") sued the Debtor, Gerald Forsythe and Kevin Kalkhoven (the "Sino Litigation Defendants") in the Marion Circuit Court for damages arising from Sino's promotion of and television broadcast of Champ Car races in the Peoples Republic of China (the "Sino Litigation"). The Sino Litigation Defendants removed the Sino Litigation to the United States District Court for the Southern District of Indiana on diversity of citizenship grounds and the Sino Litigation was pending in the District Court as of the Petition Date.

Attorneys George Hopper and Jason Burke of HB entered their appearances on behalf of Sino in the Sino Litigation on February 29, 2008. Sino had been represented by another firm in that litigation and HB"s representation was in addition to, and did not replace, Sino's representation by that other firm. Hopper and Burke withdrew their appearance for Sino in the Sino Litigation on June 20, 2008 which was approved by the District Court on June 25, 2008. As of that point, it appears that Sino had moved for and had been granted leave to file a second amended complaint adding Sino's

2

predecessor in interest, FRC, USA, Inc. ("FRC") as a plaintiff. However, the joinder of FRC as plaintiff defeated the diversity of citizenship basis upon which the District Court assumed subject matter jurisdiction, and the Sino Litigation was remanded to the Marion Superior Court on September 26, 2008.

Because the Trustee succeeds to all claims by and against the Debtor, the Trustee has been substituted for the Debtor as a defendant in the Sino Litigation. Thus, the Trustee is being sued by Sino and, according to the Objecting Creditors, holds "significant counterclaims" against Sino [1]. In addition, Sino holds a sizable unsecured claim against the estate and has filed a proof of claim in the amount of $8,940,825.00 in the bankruptcy case.

Hopper and Burke of HB entered their appearance for Sino in this bankruptcy case on March 14, 2008. The Trustee's Application states that HB will withdraw its appearance and cease representation of Sino in this bankruptcy case (to which Sino consents) if the Trustee's application to employ HB is granted.

Only the Objecting Creditors, themselves insiders of the Debtor, objected to the Trustee's Application. In their objection filed on September 2, 2008, they argue that HB fails to qualify for employment under either 11 U.S.C. §327(a) or (e). They argue that

> Sino should not be allowed to use the estate's resources to pursue Sino's litigation agenda to the detriment of legitimate creditors. Sino's efforts to have Hopper [HB] represent the Trustee as 'special investigative counsel' is a litigation tactic to use the IRL sale proceeds generated by the owners as a war chest to fund Sino's claims against the estate and the owners and to mute the estate's substantial claims against Sino.

Objection, p. 2. In the brief filed on September 25, 2008, the Objecting Creditors argue

---

[1] Objection, filed September 2, 2008, page 2.

that HB's prior representation of Sino in the Sino Litigation create at least a potential conflict of interest and a definite appearance of impropriety since HB's prior representation of Sino could make it less likely that the estate's claims and defenses against Sino will be vigorously pursued. The Trustee has made it clear in her Application that the services to be rendered by HB will not be with respect to Sino's claims against the estate or the estate's claims against Sino and in the hearing indicated that her general counsel would handle such matters.

*Discussion*

*Employment of Professionals under §327*

Section 327 sets forth the requirements of the employment of professionals by the trustee. The threshold requirements set out in §327(a) provide:

> **11 USC §327. Employment of Professional Persons**
>
> (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys....that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

Subsection (c) carves out an exception to (a) and says that a professional who has represented a creditor should not be disqualified from employment solely on that basis, unless an actual conflict of interest exists:

> (c) In a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

Subsection (e) addresses employment of an attorney for a specific purpose and

provides another exception to the threshold requirements of (a) where prior representation of a debtor does not disqualify the prospective attorney:

> (e) The trustee, with the court's approval, may employ, for a specified, special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interests of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

The Trustee seeks to employ HB as "special counsel". HB previously represented in the Sino Litigation and currently represents in the bankruptcy case Sino, a creditor of the estate. Subsection (e) speaks to employment of counsel for a "specified, specific purpose" but that section expressly applies only where the counsel sought to be employed previously represented the debtor. Tempting as it may be to gloss over this distinction and apply this section also to attorneys that represented creditors, the clear language of this section limits its application only to the latter.

Although it is not limited to employment of "special counsel", subsection (c) addresses employment of an attorney who previously represented a creditor. Since "[t]he requirements of subsection (a) are threshold requirements to be met even if subsection (c) is implicated", *In re Interwest Business Equipment, Inc.*, 23 F.3d 311, 316 (10th Cir. 1994), the Court begins its analysis with subsection (a).

### *§327(a)*

Section 327(a), as well as the "creditor exception" of §327(c) provides for a *per se* disqualification of any attorney who has an actual conflict of interest with representing the trustee. The court may exercise its discretion and may disapprove a proposed retention if a potential conflict exists; however disqualification is improper if

5

only the appearance of a conflict exists. *In re Marvel Entertainment Group, Inc.*, 140 F.3d 463, 476 (3rd Cir. 1998).

The threshold requirements of §327(a) require an attorney to be employed on the trustee's behalf to (1) not hold or represent an interest adverse to the estate and (2) be a "disinterested person".  "Together, the statutory requirements of disinterestedness and no interest adverse to the estate 'serve the important policy of ensuring that all professionals appointed pursuant to section 327(a) tender undivided loyalty and provide untainted advice and assistance in furtherance of their fiduciary responsibilities.' " *In re Crivello*, 134 F.3d 831, 836 (7th Cir. 1998), quoting *Rome v. Braunstein,* 19 F.3d 54, 58 (1st Cir.1994).

### *§327(a)(1) - "Hold or Represent an Interest Adverse to the Estate"*

The term "hold or represent an interest adverse to the estate" appearing in §327(a)(1) is not defined in the bankruptcy code.  However, both the Second and Seventh Circuit Courts of Appeals have adopted the definition first articulated in *In re Roberts*, 46 B.R. 815 (Bankr.D.Utah 1985) which is:

> (1) to possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or
> (2) to possess a predisposition under circumstances that render such a bias against the estate.

*Crivello*, 134 F.3d at 835; *In re AroChem Corp.*, 176 F.3d 610, 623 (2nd Cir. 1999).

Section 327(a)(1) is phrased in the present tense, leading courts to conclude that disqualification is proper only if prospective counsel *presently* "holds" or "represents" an interest adverse to the estate, regardless of "any interests it may have

6

held or represented in the past". *AroChem*, at 623. Furthermore, cases draw a distinction between "hold" and "represent". *Id*. at 629. Nothing in the record here indicates that HB itself as a firm "holds" any prepetition claim or interest against or contrary to the estate. Thus, it "holds" no interest adverse to the estate.

Nor does HB presently "represent" an interest adverse to the estate. HB has terminated its representation of Sino in the Sino Litigation and will terminate its representation of Sino in the bankruptcy case once the Court approves its employment as special counsel. Thus, while serving as the Trustee's special counsel, it will not be representing an interest adverse to the estate.

Even if HB's *prior* representation of Sino fell under the ambit of §327(a), it still would not have "represent*ed*" an interest adverse to the estate. Section 327(c) prohibits disqualification of counsel solely on the basis of such person's employment by or representation of a creditor unless there is an actual conflict. But, the "actual conflict" has to be a conflict between "the trustee and counsel's creditor client with respect to the specific matter" for which special counsel is to be retained. *Id*. at 622. (analogizing §327(e)'s "special counsel" language with §327(c)). HB represented a party that sued (by virtue of her succession to the debtor's interests) the Trustee and against whom the Trustee has counterclaims. Perhaps such would have disqualified HB from acting as the Trustee's general counsel, but HB's employment is limited only to the specific matter of investigating and prosecuting claims against the Debtor's insiders. None of its duties as special counsel will involve prosecuting or defending claims against or on behalf of Sino. Given that limited purpose, HB's prior representation of Sino does not present an actual – or potential– conflict with respect to the specific

7

matter for which HB is to be retained. Therefore, by the limited scope of its employment as special counsel, HB does not "hold" or "represent" an interest adverse to the estate.

### §327(a)(2) - "Disinterested Person"

A "disinterested person" is a person that

> (A)   is not a creditor, an equity security holder, or an insider;
> (B)   is not and was not, within 2 years before the date of the filing of the petition, a director, officer or employee of the debtor; and
> (C)   does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason

11 U.S.C.§101(14).

It is clear that HB is not a creditor, equity security holder or insider of the Debtor. Equally clear is that HB is not and was not a director, officer or employee of the Debtor. Thus, HB meets the "disinterested" criteria under subsections (A) and (B) of §101(14). The inquiry here, then, is whether HB qualifies under (C) and does not have an interest materially adverse to the interest of the estate or any class of creditors or equity security holders by its relationship to the debtor or for any other reason.

Section 101(14)(C), like §327(a)(1), is phrased in the present tense, so prior representation that has since terminated is of no concern. And, like §327(a)(1)'s use of the term "hold", the meaning of prospective counsel that does not "have" an interest materially adverse refers to only the "personal interests of the professional whose

disinterestedness is under consideration". *Id*. at 629. ² For the same reasons the Court found that HB itself did not "hold" an "interest adverse to the estate" under §327(a)(1), it likewise finds that HB itself does not "have" an interest materially to the interest of the estate. And, HB itself does not "hold" an interest that is adverse to any class of creditors or equity security holders; HB is not a pre-petition creditor or shareholder of the Debtor. At one point, HB "represented" a creditor whose interests were adverse to other creditors (and certainly adverse to shareholders), but subsection (C), unlike §327(a)()1), makes no mention of "representation". Its sole focus is whether prospective counsel itself "has" a materially adverse interest, not whether it now or at some point in the past "represented" a party with a materially adverse interest. Thus, HB is a "disinterested person".

The Court finds there to be no actual or potential conflict in employing HB as Trustee's special counsel. Given HB's promise that is will withdraw its representation of Sino in the bankruptcy case, the Court does not perceive even the appearance of a conflict with the services for which HB will be hired to perform. HB will not investigate, analyze or prosecute any claims Sino has against the estate or any the estate has against Sino. HB's prior familiarity with certain aspects of this case and the Debtor's insiders qualifies it to be employed as special counsel and such employment is in the best interests of the estate.

Accordingly, the Objecting Creditors' objection is OVERRULED and the

---

² In this regard, *AroChem* referred to §101(14)(E), but that subsection became subsection (C) by the amendments to §327 under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (effective October 17, 2005). The language of that subsection did not change. .

9

Trustee's Application is GRANTED, conditioned only upon HB's withdrawal of its appearance for Sino in this bankruptcy case.

# # #

Distribution:

Deborah Caruso, Trustee
John Hoard/ Edward Cardoza, General Counsel for the Trustee
George Hopper / Jason Burke, Approved Special Counsel for the Trustee
James Moloy, Counsel for the Objecting Creditors
Joseph McGonigal, Office of the United States Trustee